**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | **Case I.D. No. 1101020846** |
| | ) | |
| **DERRICK J. SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Date Submitted: April 29, 2015
Date Decided: June 18, 2015

**ORDER DENYING DERRICK J. SMITH'S MOTION
FOR POSTCONVICTION RELIEF**

This 18th day of June, 2015, upon consideration of the Motion for Postconviction Relief (the "Second Rule 61 Motion") filed by Derrick J. Smith; the facts and legal authorities set forth in the Rule 61 Motion; and, the entire record in this case:

1. On July 14, 2011, Mr. Smith pled guilty to one charge of Attempted Assault 1st Degree and Possession of a Firearm during the Commission of a Felony ("PFDCF"). As part of the plea, the State entered a *nolle prosequi* on the three remaining charges. The Court sentenced Mr. Smith on September 30, 2011 to twenty-five years at Level 5 on the PFDCF and twenty-five years at Level 5 on the Attempted Assault 1st suspended after five years at Level 5. Mr. Smith appealed and the Supreme Court affirmed the conviction and filed its Mandate on April 30, 2011.

2. Mr. Smith filed his first request for relief (the "First Rule 61 Motion") under Rule 61 of the Superior Court Criminal Rules ("Criminal Rule 61") on September 26, 2012. In the First Rule 61 Motion, Mr. Smith sought to withdraw his guilty plea and/or obtain a reduction of his sentence, arguing that (i) his trial counsel provided ineffective assistance of counsel; (ii) his sentence constituted cruel and unusual punishment; and (iii) this Court abused its discretion when it sentenced Mr. Smith on September 30, 2011. This Court denied the First Rule 61 Motion on

February 22, 2013.

3. Mr. Smith appealed the decision on the First Rule 61 Motion. On May 24, 2013, the Supreme Court remanded that matter to this Court for further proceedings. This Court appointed counsel to represent Mr. Smith with respect to the First Rule 61 Motion on June 13, 2013. After additional briefing and a hearing, the Court granted, in part, and denied, in part the First Rule 61 Motion. The Court found that Mr. Smith's claim as to ineffective assistance of counsel, as that claim applied to sentencing, was meritorious; however, the Court found and determined that all of Mr. Smith's other claims lacked merit or had been previously adjudicated.

4. The Court resentenced Mr. Smith on his Attempted Assault First on September 27, 2013. Mr. Smith then appealed the decisions and sentencing of the Court to the Supreme Court. The Supreme Court affirmed the decision and sentence of the Court. The Supreme Court filed its Mandate on April 3, 2014.

5. On April 29, 2015, Mr. Smith filed the Second Rule 61 Motion. In the Second Rule 61 Motion, Mr. Smith asserts one ground for relief. Mr. Smith argues that his trial counsel provided ineffective assistance of counsel because trial counsel failed to thoroughly investigate all the evidence and any mitigating factors for sentencing.

6. Criminal Rule 61 provides:

(d) Preliminary consideration.

(2) Second or subsequent postconviction motions. A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after trial and the motion either:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity that a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction

2

or death sentence invalid.[1]

7.    This is Mr. Smith's second postconviction motion under Criminal Rule 61. Mr. Smith pled guilty to PFDCF and Attempted Assault First on July 14, 2011. In addition, the Second Rule 61 Motion does not plead with particularity the existence of new evidence, or that a new rule of constitutional law, made retroactive, applies here. Instead, Mr. Smith makes claims of ineffective assistance of counsel that were, or could have been made in the First Rule 61 Motion. The Court finds and determines that the Second Rule 61 Motion fails to meet the requirements of Criminal Rule 61(d)(2).

8.    Criminal Rule 61(i) establishes two procedural bars to motions for postconviction relief that are relevant here:   (1) the motion must be filed within one year of a final judgment of conviction;[2] and, (2) any motion for postconviction relief must satisfy Criminal Rule 61(d)(2).[3]

9.    The Court summarily dismisses the Second Rule 61 Motion for two reasons. First, the Second Rule 61 Motion is time barred by Criminal Rule 61(i)(1). The Supreme Court issued the Mandate on April 3, 2014. Mr. Smith filed the Second Rule 61 Motion on April 29, 2015. As such, the Second Rule 61 Motion was not filed within one year of a final judgment of conviction. Second, the Second Rule 61 Motion is procedurally barred for failing to satisfy Criminal Rule 61(d)(2).

---

[1] Super. Ct. R. Crim. P. 61(d)(2).
[2] Super. Ct. R. Crim. P. 61(i)(1).
[3] Super. Ct. R. Crim. P. 61(i)(2).

10.     Accordingly, for the reasons stated above, this Court summarily dismisses the Second Rule 61 Motion on procedural grounds.

**IT IS ORDERED** that Mr. Smith's second Motion for Postconviction Relief is **DENIED**.

/s/ *Eric M. Davis*
**Eric M. Davis, Judge**

cc:     Original to Prothonotary:
Derrick J. Smith (SBI#575577)
Kathleen Jennings, Esq.